UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

------------------------------------------------------------
Lewis & Company, Inc.,

     Plaintiff,

**ORDER AWARDING ATTORNEY'S FEES**
Civil Action No. 4:11-00962-RBH

    vs.

Barnes Enterprises, Inc., and
Richard S. Barnes,

    Defendants.
--------------------------------------------------

    This matter is before the Court on Motion for Attorney's Fees pursuant to Fed. R. Civ. P. 54(d) and Local Civil Rule 54.02 (D.S.C.), filed by the plaintiffs. (Docket Entry # 18).

    Plaintiff filed this action against Defendants jointly and severally for breach of a purchase and sale agreement as well as breach of a guarantee which had been given in connection with Defendant Barnes Enterprises' purchase of certain Jackson Hewitt tax franchises from Plaintiff. Plaintiff obtained a default judgment against Defendants jointly and severally, on June 17, 2011. The terms of the written agreements between the parties authorized the recovery of attorney's fees against Defendants. The Asset Purchase Agreement, which is on file with the court as an exhibit to Plaintiff's Verified Complaint provides in pertinent part:

11(1) In the event it becomes necessary for any party to retain counsel or take any action to enforce this Agreement or any of its terms, the prevailing party shall be entitled to be reimbursed by the non-prevailing party for its attorneys' fees and all costs and expenses incurred by the prevailing party in connection with such action. For purposes of this Section, prevailing party shall mean the party who achieves substantially the result sought whether by settlement, order or judgment.

    The promissory note, filed as an attachment to Plaintiff's Verified Complaint, provides in

1

pertinent part:

If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, the undersigned promises to pay a reasonable attorney's fee. (Promissory Note, p.2).

The guaranty agreement, which is an exhibit to the Verified Complaint, provides in pertinent part:

Upon failure of the undersigned to pay immediately all amounts due under this Guaranty upon demand as aforesaid, the undersigned agree to pay all legal and other costs and expenses, including attorney's fees, paid or incurred by the Lender in connection with the enforcement of this Guaranty. (Guaranty, p.3).

Plaintiff has submitted an affidavit of counsel which establishes that the defendants are not minors or incompetents and that the plaintiff has incurred attorney's fees in the amount of $2820.00 in prosecuting this action.

Based on the pleadings, motion, affidavits, and other supporting documentation filed with and reviewed by the Court, it is hereby

**ORDERED AND ADJUDGED** that Lewis & Company, Inc., the Plaintiff, does recover jointly and severally of **Richard S. Barnes, Individually, and Barnes Enterprises, Inc.,** the sum of **$2820.00 in attorney's fees**.

**AND IT IS SO ORDERED.**

Dated: August 23, 2011

                                                s/ R. Bryan Harwell
                                                **R. BRYAN HARWELL**
                                                United States District Judge